## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Hamilton

v.

Hamilton

April 6, 1990

Case No. (Chancery) 18965

By JUDGE ALFRED D. SWERSKY

This matter is before the Court for consideration of defendant's request that the Court designate the spousal support payments as non-taxable to her. At the hearing, the Court indicated that it would do so if satisfied that it possessed the authority to do so.

Reference was made to Section 71 of the Internal Revenue Code and the use of a "counter-designation" by the parties to change the tax burdens imposed by the payment of alimony.

The Internal Revenue Code appears to allow the parties to agree which of them will bear the tax consequences of the alimony payments so Mr. Hamilton's argument that the Court must designate the alimony as some other form of payment is without merit.

The question presented is whether the Court may order a party, over his objection, to allocate the tax burden to him. A court of equity does have the authority particularly in view of the statutory command found in Code of Virginia, § 20-107.1, for this Court to consider the tax consequences to each party. No authority in Virginia has been found; however, the case of *Cross v. Cross*, 363 S.E.2d 449 (W. Va. 1987), held that a divorce court could properly allocate the dependent child exemption for federal tax purposes by requiring a custodial parent to execute

a waiver required by the Internal Revenue Code. The analogy is compelling in that Section 71 of the Internal Revenue Code contains no prohibition of such Court action, and no conflict between state and federal law would be created.

Therefore, the Court will order the designation of the alimony as non-taxable to Mrs. Hamilton and non-deductible to Mr. Hamilton.